IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1402-GMS |
| | ) |
| LOUIS PETTIGROOVE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit on August 9,

2013, pursuant to "Other Contract 190." (D.I. 2.) He appears *pro se* and was granted permission

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to

review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Bridgeforth sought general assistance benefits from the State of Delaware in 2010 and

2013. He alleges that he was wrongly denied the benefits based upon age, color, race, religion

and sex. He names as defendants employees of the Delaware Department of Health and Social

Services, Division of Social Services.

**II. STANDARD OF REVIEW**

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and

actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

actions). The court must accept all factual allegations in a complaint as true and take them in the

light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d

Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the

elements of a cause of action supported by mere conclusory statements." *Id.* at 678.  When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated. *Id.*  The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.  Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible claim for relief."[1] *Id.* at 211.  In other words, the complaint must do more than allege Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Bridgeforth filed his complaint pursuant to "Other Contract 130."  There is no such statute.  He does not name a federal statute and the parties are not diverse. *See* 28 U.S.C. §§ 1331, 1332.  In addition, eligibility for general assistance is determined in accordance with rules and regulation made by the Department of the Health and Social Services.  31 Del. C. §§ 503(c), 505(2).  Delaware law sets forth an appeal procedure for applicants or recipients of public assistance benefits.

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

This Court does not have jurisdiction over this claim.  Bridgeforth's remedy, if any, lies in the State Courts.  Therefore, the court will dismiss the complaint for want of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint for want of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____Nov 14_____, 2013
Wilmington, Delaware

4